NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4264
_____

UNITED STATES OF AMERICA

v.

JERRY L. STRAIN,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 09-cr-291)
District Judge:  Hon. Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2012

Before:   SCIRICA, FISHER, and JORDAN, *Circuit Judges*.

(Filed: November 16, 2012)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Jerry L. Strain appeals a sentence imposed by the United States District Court for

the Middle District of Pennsylvania.  He had received a variance when he was originally

sentenced but not when the District Court later amended his sentence to reflect a

retroactive change to the United States Sentencing Guidelines.  In his view, the denial of

a variance in the amended sentence constitutes error. For the reasons that follow, we will affirm.

## I. Background

In December 2009, Strain pleaded guilty to a charge of conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846. At sentencing, the pertinent Guidelines range was determined to be 108 to 135 months' imprisonment. Strain moved for a downward variance from this range, and, after analyzing the factors in 18 U.S.C. § 3553(a), the District Court granted that motion and sentenced him to 90 months' imprisonment (approximately a 17 percent variance below the minimum of 108 months), followed by three years of supervised release.

As a result of the Fair Sentencing Act of 2010, the Guidelines ranges for crack offenses were reduced to lessen the disparity between those offenses and offenses involving powder cocaine. *See* Amendment 750, U.S. Sentencing Guidelines app. C, at 392–93 (2011). Those changes were made retroactive on November 1, 2011. U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10(c) . In light of the retroactivity of the amendments, Strain filed a motion to reduce his sentence. Without opposition from the government (App. at 102), the District Court granted Strain's motion and his amended Guidelines range became 70 to 90 months' imprisonment. Strain also asked the District Court to grant a 17 percent variance, as the Court had in imposing the initial sentence. The Court rejected that request, citing Guidelines § 1B1.10, which prevents courts from departing or varying after re-sentencing a defendant pursuant to an amended Guidelines range except to reflect substantial assistance. *Id.* § 1B1.10(b)(2)(A). The

2

District Court sentenced Strain to 70 months' imprisonment, which was the minimum recommended under the amended range. Strain filed this timely appeal, contending that the District Court's reliance on § 1B1.10 was in error.

## II. Discussion[1]

Section 1B1.10 of the Guidelines provides, "[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range … ." *Id.* § 1B1.10(b)(2)(A). Strain argues that the United States Sentencing Commission (the "Commission") lacked the authority to promulgate § 1B1.10 because that provision impermissibly interferes with aspects of an original sentence, such as the propriety of a variance. Strain further argues that adoption of §1B1.10 violates separation of powers principles because it "constitutes unconstrained rule making and interferes with the judicial function." (Appellant Br. 12.) Both arguments are unavailing.

We recently addressed those same arguments in *United States v. Berberena,* No. 11-4540, --- F.3d ---, 2012 WL 3937666 (3d Cir. Sept. 11, 2012). In *Berberena*, we first considered the issue of the Commission's authority to promulgate § 1B1.10 and indicated that the Commission had authority to limit variances in light of three statutory provisions: 28 U.S.C. §§ 994(a) and (u), and 18 U.S.C. § 3582(c)(2). *Id.* at *3-4. We explained that

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We exercise plenary review over the District Court's interpretation of the Guidelines. *United States v. Kennedy*, 554 F.3d 415, 418 (3d Cir. 2009). We review for clear error any factual findings that support a sentencing determination. *Id.*

"§ 994(u) requires the Commission to specify [by what amount sentences may be reduced based on retroactive amendments], § 994(a)(2)(C) requires that this specification be in the form of a policy statement, and § 3582(c)(2) makes those policy statements binding." *Id.* at \*5 (alteration in original) (internal quotation marks omitted). Therefore, "these provisions sink [Strain's] contention that the Commission exceeded its statutory authority by prohibiting courts from reducing a prisoner's sentence below his amended Guidelines range except to reflect substantial assistance." *Id.*

As to Strain's separation of powers argument, our opinion in *Berberena* explained that Congress's delegation of authority to the Commission did not violate separation of powers principles because "a delegation of legislative power is permissible if Congress 'lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform.'" *Id.* at \*6 (alteration in original) (quoting *Mistretta v. United States*, 488 U.S. 361, 372 (1989)). And given the clarity of §§ 994 (a) and (u), and § 3582 (c)(2), the "intelligible principle" requirement "easily has been met here." *Id.*[2]

As a result of our rejection in *Berberena* of the same arguments that Strain presses here, his appeal lacks merit.

---

[2] To be sure, *Berberena* explained that the Sentencing Commission's revision of § 1B1.10(b) did constrain the ability of courts entertaining § 3582(c)(2) motions to reduce sentences. Yet, it did not impermissibly interfere with the judicial function and comported with separation of powers principles. *Cf. Berberena*, 2012 WL 3937666, at \*8 ("Congress explicitly placed the Commission within the judicial branch because of the role that branch has historically played in sentencing.").

4

**III.    Conclusion**

For the foregoing reasons, we will affirm the sentence imposed by the District Court.